UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

      v.

MAURICE L. CHRISTIAN,

        Defendant.

Case No. 14-cr-40062-JPG-02

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Maurice L. Christian's motion for a recommendation for the maximum time possible in a residential reentry center or home confinement (Doc. 77). In his motion, he also complains that he has not been awarded sentence credit to which he is entitled under the First Step Act.

## I. Residential Reentry Center/Home Confinement

The Court does not have jurisdiction to entertain a request to direct the Bureau of Prisons ("BOP") to give defendants a certain placement. "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). The BOP then has "plenary control" placement of the inmate, subject only to statutory limits. *Tapia v. United States*, 564 U.S. 319, 331 (2011); *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). This includes the decision whether to house an inmate in a prison, in a residential reentry center, or in home confinement, 18 U.S.C. § 3624(c)(2), and the Court has no jurisdiction to review that decision, 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."). *Saunders*, 986 F.3d at 1078 (noting that a court lacks authority to change an inmate's place of imprisonment,

although it may recommend a different placement).  The defendant may seek relief from the BOP by filing an administrative remedy.  To the extent the defendant seeks a recommendation from the Court, the Court believes the BOP is much more familiar with the defendant than the Court is at this time and is therefore in a better position to make a placement decision without comment from the Court.

## II.    Sentence Credit

To the extent the defendant believes he is entitled to sentence credit under the First Step Act, the Court lacks jurisdiction to grant such a request in this criminal proceeding.  "Requests for sentence credit, or for recalculation of time yet to serve... must be presented to the Attorney General (or [his] delegate, the Bureau of Prisons), and adverse decisions may be reviewed by an action under 28 U.S.C. § 2241."  *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000); *accord United States v. Earls*, 755 Fed. App'x 581, 582 (7th Cir. 2019).  The defendant should exhaust his administrative remedies with the BOP regarding calculation of sentence credit, and if he is not satisfied with the result, he may apply to the District Court in the district of his confinement for relief under 28 U.S.C. § 2241.

For the foregoing reasons, the Court **DENIES** the defendant's motion (Doc. 77) and **DIRECTS** the Clerk of Court  to send the defendant a form for filing a case under 28 U.S.C. § 2241, which should assist him in filing a petition in the jurisdiction of his incarceration.

**IT IS SO ORDERED.**
**DATED:  October 25, 2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**